# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,  Criminal No. 17-264(2) (DWF/KMM)

    Plaintiff,

v.                                               **MEMORANDUM OPINION AND ORDER**

Kareem Karel Mitchell,

    Defendant.

This matter is before the Court on Defendant's *pro se* motion request for extension of time "to properly prepare and address Forfeiture proceedings for cause." (Doc. No. 237.) The United States of America ("the government") opposes defendant's *pro se* motion. (Doc. No. 250.)

## PROCEDURAL HISTORY

On October 18, 2017, the grand jury returned an Indictment against the defendant setting forth Forfeiture Allegations pursuant to 21 U.S.C. §§ 853(a)(1) and (2). The Indictment specifically stated and gave notice that the forfeiture applied to "any and all property constituting, or derived from, any proceeds the [defendant] obtained directly or indirectly as a result of said violations [charged in Count 1 of the Indictment], and any and all property used, or intended to be used, in any manner or part to commit or facilitate the commission of said violations." (Doc. No. 1 at 8.)

On February 27, 2018, the defendant pled guilty to Count 1 of the Indictment, which charged him with conspiracy to distribute 100 grams or more of mixtures or

substances containing a detectable amount of heroin, cocaine base, and cocaine. *See* Plea Agreement and Sentencing Stipulations ("Plea Agreement") (Doc. No. 155). Pursuant to the Plea Agreement and before this Court during the plea hearing, the defendant admitted that the government "found $39,064 in drug-related money" in his bedroom closet, which included currency from a September 21 controlled buy. (*Id.* ¶ 2.) Moreover, the government seized additional controlled substances from the defendant at that time.

Significantly, in the Plea Agreement, the defendant clearly consented to the forfeiture of the currency and a gun, as follows:

> The Defendant agrees to forfeit to the United States, pursuant to Title 21 United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of [Count 1 of the Indictment] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including, but not limited to $39,064.00 in United States Currency seized from defendant's residence on or about September 27, 2017, and a SKS 7.62 caliber rifle, serial number 43478, along with any ammunition and accessories, seized from a search of another residence held in defendant's name on September 22, 2017.

The Plea Agreement, like many similar plea agreements and sentencing stipulations addressing forfeiture, clearly resulted in the defendant abandoning his interest in the $39,064, and the defendant clearly waived all statutory and constitutional defenses to the forfeiture.

On July 19, 2018, the Court granted the government's motion for a Preliminary Order of Forfeiture that included the currency and rifle noted above. (Doc. No. 180.) Then, on September 12, 2018, the Court amended the Preliminary Order of Forfeiture to remove two unrelated assets seized from a different defendant. (Doc. No. 202.) This

2

Court sentenced the defendant on September 24, 2018. There were no objections to the forfeiture before the plea, during the plea, or during his sentencing.

## DISCUSSION

This Court states at the outset that the extension of time requested in the defendant's motion to "properly prepare and address forfeiture proceedings," which is *pro se*, is in clear violation of the Plea Agreement and applicable law.

**I.      Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure**

As observed by the government, the defendant's motion was filed pursuant to Federal Rule of Civil Procedure, Rule 4(5)(A)(ii). (Doc. No. 237 at 1.) Whether there was a typographical error or other mistake, as observed by the government, no such rule exists. Significantly, however, this is a criminal case to which the Federal Rules of Civil Procedure do not apply. The Federal Rules of Civil Procedure cannot be used to directly or indirectly set aside a criminal forfeiture imposed as part of a criminal sentence. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per currium) (holding that a Federal Rule of Civil Procedure could not be used as a vehicle for setting aside a criminal forfeiture imposed as part of criminal sentence).

As observed by the government, the Federal Rules of Appellate Procedure, by their express terms, apply only to civil cases. They do not apply to criminal proceedings.

## II. Jurisdiction of the District Court

At the sentencing hearing in this matter, the defendant's interest in the property listed in the Court's Amended Preliminary Order was fully forfeited. In fact, during the sentencing hearing, consistent with other similar cases, the Court specifically inquired of counsel for both parties if there were any forfeiture issues that needed to be discussed. There were no issues raised by the government or the defendant. Of course, that was entirely consistent with the Plea Agreement and the uncontested Preliminary Order of Forfeiture and the lack of any subsequent objections to the Court's Preliminary Order of Forfeiture.

Once the sentencing was completed, the defendant's only remedy was to appeal the forfeiture, which was not done. It is the Court's view that a criminal forfeiture is clearly a part of a defendant's sentence and must be challenged on direct appeal or not at all. The property in this case was properly forfeited.

## III. Federal Rule of Appellate Procedure 4(b)(4)

Even if the Court treats the defendant's motion requesting an extension of time to file an appeal of his criminal sentence, it nonetheless must be dismissed because the defendant cannot demonstrate any excusable neglect rising to good cause for an untimely appeal.

As observed by the government, the time to file an appeal from a forfeiture order begins to run when judgment is entered. Fed. R. Crim. P. 32.2(4)(C). The Rules of Appellate Procedure afforded the defendant 14 days from entry of the judgment, which

was September 25, 2018, (Doc. No. 224), to file a notice of appeal with the district court. Fed. R. App. P. 4(b)(1). Even if the Court gives this defendant the benefit of the doubt and treats his motion and request as seeking additional time to file an appeal, there clearly does not exist, based upon a careful review of the record before this Court, "excusable neglect" or "good cause" required for an untimely appeal. Moreover, even if the appeal was timely, it would be a clear breach and contravention of the Plea Agreement in the case.

As the Eighth Circuit has ruled, the determination of whether a delay is attributable to excusable neglect is an equitable one, taking into account all relevant circumstances surrounding the party's omission and conduct. *Lowry v. McDonnell Douglass Corp.*, 211 F.3d 457, 462 (8th Cir. 2000).

Close scrutiny of the record before this Court belies the notion that there was excusable neglect or good cause.

Contrary to the defendant's *pro se* assertions, the defendant clearly had notice on numerous occasions of the forfeiture. Not only did his defense attorney, as the proper recipient of all correspondence in the case, receive notice of the forfeiture, but this Court inquired of the defendant and went through it in specific detail during the plea hearing and again at the sentencing with the defendant and his counsel. And, as observed by the government, there is no claim by the defendant that he did not receive notice of the July 19, 2018 Preliminary Order of Forfeiture before his appeal time ran. And, as noted earlier by the Court, the defendant signed the Plea Agreement and at no time during his

5

plea hearing, after the Preliminary Order of Forfeiture had been entered on July 19, 2018, or during the sentencing hearing, did the defendant or his attorney at any time, in any way, raise an objection to the forfeitures or even inquire as to any issue involving the forfeiture provisions of the Plea Agreement.  Moreover, the Court has previously found that the defendant knowingly and voluntarily entered into the Plea Agreement and was sentenced consistent with that Plea Agreement, including the forfeiture provisions.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the Plea Agreement and sentencing transcript and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Kareem Karel Mitchell's motion for extension of time to "properly prepare and address Forfeiture proceedings for cause," (Doc. No. [237]), is respectfully **DENIED**.

Dated:  March 8, 2019            s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge