UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-264(2) (DWF/KMM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Kareem Karel Mitchell, | |
| Defendant. | |

INTRODUCTION

This matter is before the Court on Defendant Kareem Karel Mitchell's *pro se* motion for compassionate release. (Doc. No. 360.) The United States of America (the "Government") opposes the motion. (Doc. No. 379.) The Court dismisses Mitchell's motion for compassionate release without prejudice because it lacks authority to consider his request.

BACKGROUND

Mitchell was charged with conspiracy to distribute a controlled substance, distribution of a controlled substance, possession with intent to distribute a controlled substance, and possession of a firearm by a prohibited person on October 18, 2017. (Doc. No. 1.) He pleaded guilty to the conspiracy charge on February 27, 2018. (Doc. No. 153.) This Court sentenced Mitchell to a 182-month term of imprisonment to be followed by an eight-year term of supervised release on September 24, 2018. (Doc. No. 224.) Mitchell is currently incarcerated at Hazelton USP with an anticipated release

date of April 13, 2031.  Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited December 6, 2024).

Mitchell moves for compassionate release based on his family circumstances, amendments to the Sentencing Guidelines, sentencing disparities with his codefendants, his troubled upbringing, and an alleged violation of his Second Amendment rights.  (Doc. No. 360 at 6-7.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.*  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.*

Here, Mitchell has not shown that he exhausted his administrative remedies. His motion summarily states that he "has exhausted his administrative remedies." (Doc. No. 360 at 6.) However, he has not provided any explanation about how he has done so or attached any exhibits demonstrating that he has done so.[1] *See, e.g., United States v. Varela-Meraz*, No. 13-cr-58, 2024 WL 1366536, at *3 (D. Minn. Apr. 1, 2024) (finding the defendant made a proper exhaustion showing where he alleged a specific date on which he submitted a request to his warden, and the Government did not contest that fact). The Government properly raised the issue in its response. (Doc. No. 379 at 6.) Accordingly, the Court must dismiss Mitchell's motion because it lacks authority to consider his request under 18 U.S.C. § 3582(c)(1)(A). Mitchell may file again after he

---

[1] Additionally, the Government indicated that it "independently attempted to locate documentation [of exhaustion] without success." (Doc. No. 379 at 7.)

first exhausts his administrative remedies or provides more information about how he has already exhausted his administrative remedies.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kareem Karel Mitchell's motion for compassionate release from custody (Doc. No. [360]) is **DISMISSED WITHOUT PREJUDICE**.

Dated:  December 10, 2024               s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge